BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>2009 KUBOTA LA854 FRONT END LOADER TRACTOR, SERIAL NUMBER: SS50555,<br><br>Defendant. | 2:13-MC-00017-WBS-EFB<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On September 20, 2012, The Drug Enforcement Administration (hereafter "DEA") executed a federal search warrant at 9156 Nadowa Trail, Oregon House, California and seized a 2009 Kubota LA854 Front End Loader Tractor, Serial Number: SS50555 (hereafter "defendant vehicle").

2. The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others. On or about December 7, 2012, the DEA received a claim from Juan Jose Domingo ("Domingo") asserting an ownership interest in the defendant vehicle.

3. The United States represents that it could show at a forfeiture trial that on September 20, 2012, agents with the DEA executed a federal search warrant at the property located

at 9156 Nadowa Trail, Oregon House, California, owned by Domingo.  During the search of the property, agents found 56 pounds of processed marijuana, 45 large marijuana plants and the defendant vehicle used to tend to the marijuana garden.

4. The United States could further show at a forfeiture trial that the defendant vehicle is forfeitable to the United States pursuant to 21 U.S.C §§ 881(a)(4) and (a)(6).

5. Without admitting the truth of the factual assertions contained in this stipulation, Juan Jose Domingo specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Juan Jose Domingo agrees that an adequate factual basis exists to support forfeiture of the defendant vehicle.  Juan Jose Domingo hereby acknowledges that he is the sole owner of the defendant vehicle, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant vehicle, Juan Jose Domingo shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant vehicle was seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Within ninety (90) days of the entry of the Consent Judgment of Forfeiture, potential claimant Juan Jose Domingo shall send a cashier's check for $2,500.00 made payable to the U.S. Marshals Service to the U.S. Attorney's Office, Attn:  Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.  All right, title, and interest in said funds shall be substituted for the defendant vehicle and forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(4) and

(a)(6).

11. If payment in full is not made within the time stipulated above, potential claimant Juan Jose Domingo will be deemed to be in default of this stipulation and the U.S. Marshals Service shall be authorized to sell the defendant vehicle, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price.  Through the sale of the defendant vehicle, the United States shall receive the net proceeds up to $2,500.00, less payments for costs of selling the vehicle, other expenses incurred, and any legitimate liens that exist on the defendant vehicle. Potential claimant Juan Jose Domingo shall receive all remaining amounts after the United States' interest, payment of costs of sale, legitimate liens, and costs incurred by the U.S. Marshals Service.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant vehicle.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Juan Jose Domingo waives the provisions of California Civil Code § 1542.

13. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

14. All parties will bear their own costs and attorney's fees.

15. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant vehicle.

IT IS SO ORDERED.

Dated:  August 18, 2014

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE